IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.  23-36 |
| | : | |
| TERRELL SPADY | : | |

**McHUGH, J.**                                                                                                                   **November 14, 2023**

### MEMORANDUM

This is a prosecution under 18 United States Code § 922(g)(1).  Defendant Terrell Spady was arrested after officers suspected that he might be carrying a weapon and retrieved surveillance video from a delicatessen where they had been observing him, which showed him attempting to hide a firearm.  It was later identified as a Glock 9mm handgun loaded with 16 live rounds.  Mr. Spady had previously been convicted of several felonies, including aggravated assault and conspiracy to commit aggravated assault.  He moves to dismiss the indictment against him, raising a series of arguments inspired by the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), as applied by the Third Circuit in *Range v. Attorney General,* 69 F.4th 96 (3d Cir. 2023) (*en banc*).  Mr. Spady's motion mirrors a wave of virtually identical motions to dismiss indictments, withdraw guilty pleas, and vacate sentences in cases prosecuted under § 922(g)(1).

Mr. Spady argues that § 922(g)(1) is unconstitutional as applied because the government cannot prove that its application to him is consistent with this nation's historical tradition of firearm regulation.  He further argues that § 922(g)(1) is facially unconstitutional under the Second Amendment in all its applications, and that it is unconstitutionally vague.  Finally, seizing upon a concurring opinion in *Range*, he raises an argument under the Commerce Clause seeking to limit the power of the federal government to regulate firearms.

1

This wave of motions is not surprising, as the unprecedented and singularly impractical test adopted by *Bruen* almost invites them,[1] particularly given how *Bruen* was then interpreted by *Range*. Nor can defense counsel be criticized for filing such motions, as it is their professional duty to advocate zealously, and however alarming the result, they might be met with success.[2]

Within this district, substantial judicial resources have been deployed dealing with these motions. All have been denied. *See United States v. Hedgepeth*, No. 22-377, 2023 WL 7167138 (E.D. Pa. Oct. 31, 2023) (Marston, J.); *United States v. Ladson*, No. 23-161, 2023 WL 6810095 (E.D. Pa. Oct. 16, 2023) (Baylson, J.); *United States v. Jenkins*, No. 23-088, 2023 WL 6534200 (E.D. Pa. Oct. 6, 2023) (Beetlestone, J.); *United States v. Green*, No. 22-387, 2023 WL 6164407 (E.D. Pa. Sept. 21, 2023) (Diamond, J.); *United States v. Pearson*, No. 22-271, 2023 WL 6216527 (E.D. Pa. Sept. 25, 2023) (Kearney, J.); *United States v. Ames*, No. 23-178, 2023 WL 5538073 (E.D. Pa. Aug. 28, 2023) (Kenney, J.); *United States v. Cotton*, No. 22-471, 2023 WL 6465836 (E.D. Pa. Oct. 4, 2023) (Pratter, J.); *United States v. LaForte*, No. 20-231, ECF 80 (E.D. Pa. Oct. 19, 2023) (Sanchez, C.J.); *United States v. Smith-Graves*, No. 23-194, ECF 27 (E.D. Pa. Oct. 5, 2023) (Murphy, J.) (finding historical analogues supporting the bar on firearm possession by a defendant previously convicted of robbery, assault, and resisting arrest); *United States v. Blackshear*, No. 23-159, 2023 WL 5985284, at *3 (E.D. Pa. Sept. 14, 2023) (Pappert, J.) (Defendant's eight convictions for drug and gun offenses demonstrate a danger to society); *United States v. Brown*, No. 20-260, 2023 WL 7021181 (E.D. Pa. Oct. 25, 2023) (Rufe, J.) (prior convictions for burglary, drug trafficking, firearms

---

[1] *United States v. Bullock*, No. 18-165, 2023 WL 4232309 (S.D. Miss. June 28, 2023) (Reeves, J.).

[2] *See e.g.*, *United States v. Harper*, No. 21-236, 2023 WL 5672311 (M.D. Pa. Sept. 1, 2023) (dismissing indictment of defendant with prior record of multiple armed robberies and drug trafficking offenses); *United States v. Quailes*, No. 21-176, 2023 WL 5401733 (M.D. Pa. Aug. 22, 2023) (dismissing indictment of defendant with four prior drug trafficking offenses).

violations, and eluding the police); *United States v. Campbell*, No. 22-394, ECF 29 (E.D. Pa. Sept. 28, 2023) (Surrick, J.) (prior convictions for firearm licensing offense and drug possession). Everything substantive that can be said has been said, and I see little value to adding yet another district court opinion differing only in emphasis and nuance.

    I adopt and rely upon the analysis of my colleagues.  Given Mr. Spady's prior record of aggravated assault, I am satisfied that his Indictment under § 922(g)(1) does not violate the Second Amendment.  His motion to dismiss will be denied.

    /s/ Gerald Austin McHugh
United States District Judge